**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff-Respondent, )<br>　　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>DAWN MARIE NELSON, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant-Movant. )　 | Case No. CR-03-06-M<br>　　　(CIV-06-780-M) |

**ORDER**

Defendant-Movant Dawn Marie Nelson ("Nelson"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on July 21, 2006. On March 29, 2007, Nelson filed her Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and on April 30, 2007 filed an amendment to her § 2255 motion. On August 3, 2007, plaintiff-respondent United States of America filed its response, and on September 7, 2007, Nelson filed a reply.

I.　Introduction

On May 8, 2003, a forty-eight-count Superseding Indictment was returned by the grand jury in the Western District of Oklahoma, charging Nelson, her husband, and seven others with drug and firearm offenses. On February 4, 2004, the Court held a competency hearing and found that Nelson was competent to proceed to trial. On February 9, 2004, a two-count Superseding Information was filed, charging Nelson with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly and intentionally using a telephone in committing or facilitating the commission of the distribution of methamphetamine in violation of 21 U.S.C. § 843(b). Pursuant to a written plea agreement, Nelson pled guilty to each count.

A presentence investigation report was prepared, to which Nelson objected. On August 18, 2004, the Court conducted a sentencing hearing and sentenced Nelson to consecutive terms of 120 months' incarceration on Count 1 and 48 months' incarceration on Count 2, the statutory maximum sentence as to each count. The Court then imposed an identical alternative sentence, to be effective if the United States Sentencing Guidelines are later found to be unconstitutional in their entirety.

Nelson appealed her sentence to the United States Court of Appeals for the Tenth Circuit. In an unpublished opinion issued July 6, 2005, the Tenth Circuit dismissed Nelson's appeal. *United States v. Nelson*, 139 Fed. Appx. 87 (10th Cir. July 6, 2005).

II.   Discussion

Nelson asserts the following grounds in support of her § 2255 motion: (1) the government breached the plea agreement; (2) her plea was not knowing and voluntary; (3) her sentence was the result of unproven sentencing enhancements in violation of the Sixth Amendment and the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Cunningham v. California*, 549 U.S. 270 (2007), and *Blakely v. Washington*, 542 U.S. 296 (2004); and (4) her counsel was ineffective.

A.   Whether counsel was ineffective (Ground Four)

To prevail on a claim of ineffective assistance of counsel, Nelson must first show:

> [her] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, [s]he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Nelson bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id.* at 690. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "To show prejudice in the guilty plea context, the defendant must establish that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *United States v. Kramer*, 168 F.3d 1196, 1201 (10th Cir. 1999).

Nelson asserts her counsel was ineffective based upon the faulty legal advice he provided in relation to her pleading guilty. Specifically, Nelson asserts that her counsel scared her by stating that she was facing 262 months' incarceration and that he encouraged her to falsely represent that she had access to a firearm. Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that Nelson's counsel was not ineffective based upon the legal advice he provided in relation to her plea but that said advice was the result of reasonable professional judgment. Specifically, the Court finds that Nelson's minimum guideline sentence was, in fact, 262 months, but that based upon the plea agreement, Nelson's sentence was limited to the statutory maximum punishments of 120 months and 48 months, respectively. Additionally, based upon Nelson's statements during the plea hearing, the Court finds no basis which would support Nelson's

allegation that her counsel encouraged her to falsely represent that she had access to a firearm. Accordingly, the Court finds Nelson's counsel's performance did not fall below an objective standard of reasonableness, and, thus, he was not ineffective.

Nelson further asserts that her counsel was ineffective based upon his failure to subject the prosecution to any kind of meaningful adversarial testing and his lack of loyalty to his client. Having carefully reviewed the parties' submissions, as well as the court file, the Court finds Nelson's conclusory allegations are without support. Nelson contends that her counsel did not subject the prosecution to any kind of adversarial testing; however, her counsel objected to the drug quantities contained within the Presentence Investigation Report, requiring the government to produce evidence to support such quantities during Nelson's sentencing. Further, upon review of the court file, the Court finds no evidence which would indicate that Nelson's counsel was anything but loyal to his client. Accordingly, the Court finds that Nelson's counsel was not ineffective.

Nelson also contends that her counsel was ineffective based upon his failure to raise the issue of her mental competency and his failure to request a competency hearing. However, a review of the file reveals that Nelson's counsel filed an application for a psychiatric examination to be conducted on Nelson, which was granted, and that a competency hearing was held approximately five days prior to Nelson's change of plea hearing. Therefore, the Court finds Nelson's counsel did not fail to raise the issue of Nelson's mental competency nor fail to request a competency hearing and, thus, was not ineffective.

Finally, Nelson contends her counsel was ineffective based upon his failure to file a reply brief in her appeal. The Tenth Circuit, however, found that "[e]ven if defendant had argued against the enforcement of the appellate rights waiver, we would find that waiver enforceable under the

4

three-part *Hahn* test." *Nelson*, 139 Fed. Appx. at 90. The Court, therefore, finds that Nelson has not demonstrated there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Accordingly, the Court finds that Nelson's counsel was not ineffective.

      The Court, therefore, finds that Nelson's fourth ground for relief should be denied.

      B.    Whether the government breached the plea agreement and whether Nelson's plea was knowing and voluntary (Grounds One and Two)

Nelson asserts that the government breached the plea agreement and that her plea was not knowing and voluntary. Nelson did not raise either of these grounds in her direct appeal.

"[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotations and citations omitted). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* at 378. "If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

The "cause and prejudice" standard requires a defendant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Cause may be established by showing that the factual or legal basis for a claim was not reasonably available to the defendant at the time, that interference by governmental officials made compliance impracticable,

or that counsel was constitutionally ineffective. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A "fundamental miscarriage of justice" means that the defendant is actually innocent of the offense. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Having carefully reviewed the parties' submissions, the Court finds that Nelson has neither shown cause for her procedural default and actual prejudice resulting from the alleged error nor shown that a fundamental miscarriage of justice will result if these grounds for relief are not addressed. Specifically, the Court finds that Nelson has not set forth how the factual or legal basis for these grounds for relief were not reasonably available to her at the time of her appeal and how interference by governmental officials made compliance impracticable. Further, as set forth above, the Court finds that Nelson has not established that her counsel was constitutionally ineffective. Finally, the Court finds that Nelson has not asserted nor shown that she is actually innocent of the offenses. Accordingly, the Court finds that Nelson's first and second grounds for relief are procedurally barred.

C. Whether Nelson's sentence violated the Sixth Amendment and Supreme Court decisions (Ground Three)

Nelson asserts that her sentence violates the Sixth Amendment because it was enhanced based upon facts that were not admitted by her nor found to exist beyond a reasonable doubt as required by *Booker*. In her direct appeal, Nelson made this same assertion. Although the Tenth Circuit dismissed Nelson's appeal based upon her waiver of her appellate rights, it held:

> even if we were to refrain from enforcing Defendant's appellate rights waiver, we would deny Defendant relief. The district court's determination of drug quantity at sentencing constituted harmless error because the district court imposed identical alternative sentences under the sentencing guidelines and the relevant statutes.

*Nelson*, 139 Fed. Appx. at 90.

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). No relevant intervening change in the law has occurred. Accordingly, the Court finds that Nelson's third ground for relief should be denied.

III.   Evidentiary Hearing

As set forth above, Nelson's motion does not set forth a basis for relief from her sentence. Because that conclusion is conclusively shown from the record and from the nature of Nelson's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.   Conclusion

For the reasons set forth above, the Court DENIES Nelson's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 30th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE