# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-03-6-M |
| | ) | (CIV-07-1230-M) |
| VIRGIL EARL NELSON, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Virgil Earl Nelson ("Nelson"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on November 2, 2007. On January 18, 2008, plaintiff-respondent United States of America filed its response, and on March 6, 2008, Nelson filed a reply.

I.  Introduction

On May 8, 2003, a forty-eight-count Superseding Indictment was returned by the grand jury in the Western District of Oklahoma, charging Nelson, his wife, and seven others with drug and firearm offenses. On February 9, 2004, pursuant to a written plea agreement, Nelson pled guilty to Count 46, knowingly and intentionally attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

A presentence investigation report ("PSR") was prepared, to which Nelson raised 22 objections. The PSR recommended setting Nelson's base offense level at 42, with a criminal history category VI. That computation included a two-point enhancement for possession of a firearm and a four-point enhancement for Nelson's role as a leader and organizer of the organization. The applicable guideline range was 360 months to life; however, the PSR noted that the guideline range exceeded the statutory maximum of twenty years (240 months) under 21 U.S.C. § 841(b)(1)(C).

On May 19, 2004, a sentencing hearing was conducted. Both in his objections to the PSR and at the sentencing hearing, Nelson contested the PSR's drug quantity, as well as the enhancements for possessing a firearm and his role in the offense. The Court overruled the objections and sentenced Nelson to 240 months' incarceration.

Nelson appealed his sentence to the United States Court of Appeals for the Tenth Circuit. In his appeal, Nelson asserted that his sentence was in violation of the Sixth Amendment for the reason that he was sentenced based upon facts to which he neither admitted nor were proved beyond a reasonable doubt. The Tenth Circuit affirmed Nelson's sentence. *United States v. Nelson*, 191 Fed. Appx. 690 (10th Cir. 2006).

II.  Discussion

Nelson asserts his counsel was ineffective because he failed to raise a Sixth Amendment objection at sentencing to the drug amounts and the enhancements for possessing a firearm and his role in the offense. To prevail on a claim of ineffective assistance of counsel, Nelson must first show:

> [his] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Nelson bears the burden to overcome the presumption that his counsel's conduct falls within the wide range of reasonable professional

2

assistance. *United States v. Voigt*, 877 F.2d 1465, 1468 (10th Cir. 1989). Further, for counsel's performance to be deemed constitutionally ineffective, it must have been completely unreasonable, not merely wrong. *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999).

Nelson asserts that the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), so shook the legal landscape that any objectively reasonable attorney would have been aware of the grant of certiorari in *Blakely v. Washington*, 540 U.S. 965 (2003), and the possible extension of *Apprendi's* beyond a reasonable doubt holding to post-verdict fact finding and that, therefore, his counsel's failure to raise a Sixth Amendment objection at sentencing constitutes deficient performance under any objectively reasonable standard.

Having carefully reviewed the parties' submissions, the Court finds that Nelson's counsel's performance was not constitutionally deficient, in that it did not fall below an objective standard of reasonableness. Specifically, the Court finds that it was not objectively unreasonable for Nelson's counsel not to raise a Sixth Amendment objection at sentencing. Nelson's counsel vigorously objected to the quantity of drugs and the enhancements for possession of a weapon and role in the offense at sentencing. The Court finds that it was not unreasonable for Nelson's counsel not to make a Sixth Amendment objection based upon cases which had not been decided by the United States Supreme Court at the time of Nelson's sentencing.[1] It was simply not required of Nelson's counsel to predict the ultimate decisions of the Supreme Court in these cases. Accordingly, the Court finds that Nelson's counsel was not ineffective for failing to raise a Sixth Amendment objection at

---

[1] Although argued prior to Nelson's sentencing, the *Blakely* case was not decided by the Supreme Court until June 24, 2004. Further, the Supreme Court did not hear argument in *United States v. Booker* until October 4, 2004, with a decision published on January 12, 2005. *United States v. Booker*, 543 U.S. 220 (2005).

sentencing to the drug amounts and the enhancements for possessing a firearm and his role in the offense.

III. Evidentiary Hearing

As set forth above, Nelson's motion does not set forth a basis for relief from his sentence. Because that conclusion is conclusively shown from the record and from the nature of Nelson's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV. Conclusion

For the reasons set forth above, the Court DENIES Nelson's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 18th day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE